ORDERED.

**Dated: September 19, 2016**

Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                             Case No. 8:15-bk-07459-MGW
                                                   Chapter 7
Nancy Jane Cole,

    Debtor.
_____/

## MEMORANDUM OPINION ON HOMESTEAD EXEMPTION

This case turns on a familiar baseball adage: a tie goes to the runner. The Chapter 7 Trustee in this case has objected to the Debtor's attempt to claim a house she acquired as a beneficiary under her mother's living trust as homestead. According to the Trustee, the homestead exemption cannot be used to extinguish a preexisting lien. Here, the Trustee holds the rights of a hypothetical judgment lien creditor as of the petition date. But the property could not have become homestead until the Debtor's mother passed away two weeks after the petition date. Although the hypothetical lien existed on the petition date, it could not have attached to the house until the Debtor acquired an interest in it. At best, the Trustee's hypothetical

judgment lien attached to the property at the same time the property acquired its homestead status. Where, like here, a judgment lien and homestead status attach to property at the same time, the homestead exemption defeats the hypothetical judgment lien.

## Background

For the three years before the petition date, the Debtor lived in a home located at 1955 Brookhaven Drive, Sarasota, Florida.[1] That home was titled in the name of a living trust created by the Debtor's mother.[2] The Debtor, along with two siblings, was a beneficiary under her mother's living trust and, under its terms, would inherit a one-third interest in the Brookhaven Drive property when her mother passed away.[3]

When the Debtor filed this case, she listed her interest in the living trust on Schedule B (at $0).[4] Shortly after the case was filed, the Debtor's mother passed away.[5] So the Debtor amended her schedules to list her one-third interest in the Brookhaven Drive property and claim it as exempt homestead since she currently lives in the property and intends to continue living there.[6] The Trustee has objected to the Debtor's claim of exemption with respect to the Brookhaven Drive property

---

[1] Doc. No. 40 at ¶¶ 6 & 7.

[2] Doc. No. 39-1; *see also* Doc. No. 39-2.

[3] Doc. No. 39-2; *see also* Doc. No. 40 at ¶ 10.

[4] Doc. No. 1 at Schedule B. She also claimed the living trust as exempt under Article X, section 4(a)(2) of the Florida Constitution. *Id.* at Schedule C.

[5] Doc. No. 40 at ¶ 5.

[6] Doc. No. 15.

and other personal property belonging to her mother.[7] The Debtor now asks the Court to overrule the Trustee's objection to the Debtor's claim of exemption as a matter of law.[8]

## Conclusions of Law

It is worth noting, as a threshold matter, that the Debtor claims the Brookhaven Drive property is not property of the estate in the first place.[9] The Debtor says her interest in her mother's home was not property of the estate at the time of filing since her mother's living trust contained valid spendthrift provisions.[10] Nor did her interest become property of the estate under § 541(a)(5), the Debtor says, because a transfer under a living trust is not a bequest, devise, or inheritance.[11] The Trustee, for her part, says the § 541(c)(2) exception for spendthrift trusts does not apply because the trust at issue here was a revocable self-settled trust,[12] and in any event, the distribution of the house to the Debtor is a "devise" under Florida law because Florida law defines "devise" to mean "to dispose of real or personal property by will or trust."[13]

---

[7] Doc. No. 20. The Trustee objected to other claims of exemption that are not the subject of the summary judgment motion.

[8] Doc. Nos. 39 & 40. The Trustee, naturally, opposes summary judgment. Doc. No. 44.

[9] Doc. No. 30 at ¶¶ 5–8; Doc. No. 39 at ¶¶ 15–18.

[10] *Id.* at ¶¶ 15 & 16.

[11] Doc. No. 30 at ¶¶ 5–6; Doc. No. 39 at ¶¶ 15–16.

[12] Doc. No. 44 at ¶ 9 (citing *In re Brown*, 303 F.3d 1261 (11th Cir. 2002)).

[13] *Id.* at ¶¶ 10–12 (citing § 731.201(10), Fla. Stat.).

The Court is inclined to agree that neither the Debtor's interest in the trust nor the house became property of the estate in the first place. The § 541(c)(2) exception does apply since the Debtor did not settle the trust, nor did she did have any dominion or control over the trust assets as of the petition date.[14] Moreover, the Court agrees with Judge Kimball's analysis in *In re Rogove*, where he ruled that post-petition distributions to the debtor from a special needs trust created for the benefit of the debtor's mother were not property of the estate under § 541(a)(5).[15] The Florida Probate Code does, as the Trustee argues, define "devise" as disposing of property by trust; however, that definition must be read in conjunction with the meaning of the term when used as a noun, which is defined as a "testamentary disposition."[16] A testamentary trust, of course, "is created by a will and takes effect when the settlor (testator) dies."[17] But a living trust does not become testamentary simply because it has some testamentary aspects:

> If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although that interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not testamentary.[18]

---

[14] *In re Brown*, 303 F.3d at 1265-67.

[15] 443 B.R. 182, 187-90 (S.D. Fla. 2010).

[16] *Rogove*, 443 B.R. at 187 (citing § 713.201(10)).

[17] Black's Law Dictionary 1518 (7th ed. 1999).

[18] *Zuckerman v. Alter*, 615 So. 2d 661, 663 (Fla. 1993).

That being said, the Court need not decide whether the house is property of the estate because, even if it is, it is exempt homestead.

Article X, section 4(b) of the Florida Constitution provides that the homestead exemption shall inure to the benefit of an owner's heirs. There is no question that the Brookhaven Drive property was the mother's homestead and that her homestead exemption inures to the Debtor's benefit. But that only means the Debtor takes the house protected from forced sale by her mother's creditors.[19] The intent of Article X, section 4(b) was to "protect the decedent's homestead from the decedent's creditors for the benefit of the decedent's heirs."[20]

If the Brookhaven Drive property is protected from forced sale, then it is protected by the Debtor's homestead exemption—not her mother's homestead exemption. The Trustee does not dispute that the Debtor has an ownership interest in the Brookhaven Drive property, that she has lived there for the past three years, and that she intends to live there permanently. In other words, the Trustee does not really dispute that the Brookhaven Drive property is homestead. The Trustee's sole objection is that the Debtor cannot use the homestead exemption to extinguish her preexisting lien.

Under Bankruptcy Code § 544(a), the Trustee has the status of a hypothetical judgment lien creditor as of the petition date. Although the Debtor lived in the

---

[19] *Cumberland & Liberty Mills v. Keggin*, 190 So. 492, 493 (Fla. 1939) (holding that "at the father's death such homestead inured to the two sons under the constitution, exempt from debts of the father.").

[20] *Walker v. Mickler*, 687 So. 2d 1328, 1328 (Fla. 1st DCA 1997).

Brookhaven Drive property as of the petition date, the Trustee argues the Debtor could not claim it as homestead since she had no ownership interest in the property at that time. After all, the Debtor did not acquire an interest in the Brookhaven Drive property until her mother passed away, and her mother was still alive as of the petition date. So the Trustee contends the Debtor is attempting to use the homestead exemption, which did not ripen, in her view, until after the petition date, to extinguish a lien that existed on the petition date.

To be sure, the Florida Supreme Court has previously held that the homestead exemption must give way to a judgment lien where the judgment lien went into effect before the homeowner became eligible to claim the homestead as exempt.[21] In *Pasco v. Harley*, for instance, Pasco (a bank receiver) obtained a judgment against Harley and recorded the judgment in the county where Harley owned property.[22] Because Harley was not married at the time, he could not claim the homestead exemption under then Florida law.[23] Shortly after the judgment lien was recorded, however, Harley married and became eligible for the homestead exemption.[24] Ultimately, the Florida Supreme Court held that Harley acquired the homestead exemption subject

---

[21] *Pasco v. Harley*, 75 So. 30, 33 (Fla. 1917); *First Nat'l Bank of Chipley v. Peel*, 145 So. 177, 178 (Fla. 1932).

[22] 75 So. at 31.

[23] *Id.*

[24] *Id.* at 31-32.

to Pasco's lien since he was not eligible for the homestead exemption at the time Pasco's judgment lien was recorded.[25]

Similarly, in *First National Bank of Chipley v. Peel*, the Florida Supreme Court rejected a homestead claim where a bank filed suit and obtained a judgment against the judgment debtor before the judgment debtor and his wife occupied—or took any steps toward occupying—the property at issue as their homestead.[26] There, the Florida Supreme Court observed that the final judgment would establish the rights of the parties as of the date the lawsuit was filed.[27] So if the judgment debtor did not move into the property until after the lawsuit was filed, it could not have the effect of making the property homestead with respect to the bank's judgment lien. According to the Florida Supreme Court, the homestead exemption may not be established to the exclusion of preexisting liens or conveyances.[28]

There is one fatal flaw with that argument as applied to this case. In *Harley* and *Peel*, the creditor's judgment lien attached to the property at issue before the judgment debtor was eligible to claim the homestead. That is not so here. While the Trustee's hypothetical judgment lien existed as of the petition date, it could not attach to the Brookhaven Drive property until the Debtor acquired an interest in it—i.e., when her mother passed away two weeks after the petition date. So the Trustee's

---

[25] *Id.* at 33-34.

[26] 145 So. 177, 178–79 (Fla. 1932).

[27] *Id.* at 178.

[28] *Id.*

hypothetical lien on the Brookhaven Drive property is not a preexisting lien. Here, the Trustee's hypothetical lien and the Debtor's homestead exemption attached to the property at the same time.

Those were the facts in *Milton v. Milton*—albeit not in the bankruptcy context—where the Florida Supreme Court held that an heir who took title to property upon his mother's death was able to assert the homestead exemption as to judgments entered against *him* before his mother's death.[29] The issue in *Milton* was whether the heir could claim the homestead exemption even though he did not occupy the property at the time of his mother's death. The Florida Supreme Court held he could because he did occupy it within a reasonable time afterward. The significance of *Milton* to this case is that there was no question in *Milton* that the homestead exemption applied to the heir's preexisting debts:

> An occupancy of land as a homestead by an heir within a reasonable time, under all the circumstances, will prevent the forced sale under a judgment against the occupying heir of his interest in the land that is lawfully and in good faith occupied and claimed by him as his homestead.[30]

In short, *Milton* stands for the proposition that the usual rule that the homestead exemption cannot be used to extinguish preexisting liens does not apply where an heir, who has existing judgment creditors, inherits homestead property.[31]

---

[29] 58 So. 718, 719 (Fla. 1912).

[30] *Id.*

[31] Even the Florida Bar Journal article the Trustee relies on in support of her argument acknowledges that a decedent's heir can use the homestead exemption to protect against a forced sale by the heir's

## Conclusion

By virtue of Bankruptcy Code § 544(a), the Trustee had all of the rights of a hypothetical judgment lien creditor as of the petition date. When the Debtor acquired the Brookhaven Drive property under her mother's living trust, the Trustee's hypothetical judgment lien attached to the property. But the homestead exemption also attached at the same time. In essence, it was a tie. Under the Florida Supreme Court's decision in *Milton*, a tie goes to the heir. Accordingly, the Court will enter a separate order overruling the Trustee's objection to the Debtor's homestead exemption as a matter of law.

> Attorney Richard John Cole, III is directed to serve a copy of this opinion on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the opinion.

Richard John Cole, III, Esq.
R. John Cole, II & Associates, P.A.
*Counsel for Debtor*

Angelina E. Lim, Esq.
Johnson Pope Bokor Ruppel & Burns LLP
*Counsel for Trustee*

---

preexisting creditors. Doc. No. 46 (citing Rohan Kelley, Homestead Made Easy, Fla. Bar J. at 17 (March 1991)).